### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **TAMER HOSNY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **1:13-CV-4103-WSD** |
| | ) | |
| **ALIAUNE THIAM, P/K/A** | ) | |
| **"AKON", and TARIK FREITEKH,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## FIRST AMENDED COMPLAINT FOR DAMAGES

### 1.

COMES NOW, Tamer Hosny ("Hosny"), Plaintiff in the above-captioned civil action and, pursuant to this Court's Order dated November 3, 2014 (Doc. No. 40), files this First Amended Complaint against Aliaune Thiam, professionally known as "Akon," (hereafter known as "Thiam"), and Tarik Freitekh ("Freitekh") (hereafter collectively known as "Defendants"), showing this honorable Court as follows:

## Complete Diversity of Citizenship of the Parties

### 2.

At the time of the commencement of this lawsuit on December 12, 2013, Plaintiff Hosny was the citizen, or subject, of the foreign state of the Arab

Republic of Egypt and resided in the Arab Republic of Egypt as his place of domicile.  At all times relevant hereto, Plaintiff Hosny has considered the Arab Republic of Egypt as his home and continues to reside there as his place of domicile.

3.

At the time of the commencement of this lawsuit on December 12, 2013, Defendant Thiam was a citizen of the state of Georgia and resided in Georgia as his place of domicile.  At that time, Defendant Thiam's last known address where he could be served was his residence in Georgia located at 320 Wilderlake Court, Sandy Springs, Georgia 30328, a fact admitted by Defendant Thiam in his answer to the initial complaint.  (*See* Doc. No. 7, ¶ 3.)  At that time, Defendant Thiam lived and worked in Georgia and had an active Atlanta-based savings account held at SunTrust Bank (account number ending -8766).  (*See* Doc. No. 37-1, ¶ 4 & Ex. A.)  In fact, in 2013, when working on a music collaboration between Plaintiff Hosny and Defendant Thiam for the song, *Welcome to the Life*, both Plaintiff Hosny and Defendant Freitekh traveled to Georgia to work with Defendant Thiam at his home and recording studio on the sound recording and filming of a music video for the *Welcome to the Life* collaboration.  (*See* Doc. No. 33, ¶¶ 4-5; Doc. No. 31-1, ¶ 9.)

4.

At the time of the commencement of this lawsuit on December 12, 2013, Defendant Freitekh was a citizen of the state of California and resided in California as his place of domicile.  (*See* Doc. No. 31-1, ¶¶ 2-3.)  Since June 2013, Defendant Freitekh has lived in Los Angeles, California and worked at 3343 North Knoll Drive, Los Angeles, California 90068.  (*Id.*)  On July 25, 2014, Defendant Freitekh requested the Court transfer this lawsuit to a district court in California as the state of his domicile.  (*See* Doc. No. 28-1, pg. 9.)  Prior to moving to California in June 2013, and at times relevant to the parties' dispute, Defendant Freitekh was a resident of North Carolina with an address located at 10400 Orchid Hill Lane, Charlotte, North Carolina 28277.  (*See* Doc. No. 31-1, ¶ 2.)  On June 30, 2014, Defendant Freitekh was served with the summons and initial complaint for this lawsuit at the North Carolina address.  (*See* Doc. No. 22-1.)

## Jurisdiction and Venue

5.

This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, and is between a subject

of a foreign state, namely the Arab Republic of Egypt, and two citizens of two different states.  Neither at the commencement of this lawsuit on December 12, 2013, or at any other time relevant hereto, has Plaintiff Hosny had the same domicile as either of the Defendants.

6.

This Court has personal jurisdiction over these Defendants and venue in this action is proper pursuant to 28 U.S.C. § 1391(b)(3).

## **Factual Background**

7.

Plaintiff Hosny is a popular Egyptian singer, actor and songwriter. In connection with one of his music projects, Plaintiff Hosny planned an international collaboration with American hip-hop artists Thiam and Armando Perez, professionally known as "Pitbull" (known hereafter as "Perez").

8.

As part of this collaboration, Plaintiff Hosny desired Defendant Thiam and Perez to provide vocals as featured artists with Plaintiff Hosny in a song entitled "*Arabian Knight*".

9.

In the entertainment industry it is common for artists to know one another and develop relationships with other fellow artists. As such, Plaintiff Hosny developed and maintained a relationship with Defendant Thiam, who similarly maintained such a relationship with Perez.

10.

Because of these relationships, Defendant Thiam assured Plaintiff Hosny that Perez would agree to be a featured artist and that Defendant Thiam could secure Perez's participation in both the recording of the sound track and music video for *Arabian Knight*.

11.

To make this arrangement more definitive, on or about March 10, 2013, Plaintiff Hosny and Defendant Thiam executed a Side Artists Agreement (the "Agreement"), which delineated all parties' respective duties. (See Side Artist Agreement, true and accurate of which are attached hereto as Exhibit "A").

12.

In return for Defendant Thiam's contractual duties, including securing Perez's participation in both the recording of the sound track and music video for

*Arabian Knight,* Plaintiff Hosny, per the terms of the Agreement, was to pay Thiam a total of $300,000.00.

13.

Per the Agreement, Plaintiff Hosny was only obligated to make payment in the amount of $300,000.00 to Defendant Thiam and no further amounts would be independently owed or due to Perez by Plaintiff Hosny for his participation in the Master or the music video production.

14.

As stated in the Agreement, Defendant Thiam and Perez were to record and perform with Plaintiff Hosny as "Side Artists" for a sound recording and music video of *Arabian Knight* ("Master"), which was to be included on Hosny's next album.

15.

In discussions prior to the execution of the Agreement, Defendant Thiam represented to Plaintiff Hosny that Defendant Thiam was authorized to represent Perez with respect to this collaboration.

16.

In the express terms of the Agreement, moreover, Defendant Thiam acknowledges and represents to Plaintiff Hosny that Defendant Thiam is

authorized to represent Perez and agreed to be responsible for Perez's fulfillment of the terms of the Agreement.

17.

Based on these representations, it was Plaintiff Hosny's belief and expectation that Defendant Thiam served as Perez's authorized representative and had the authority to bind Perez to recording the song and appearing in the music video.

18.

Plaintiff Hosny's belief and expectation as to Defendant Thiam's authority to obligate Perez was further reinforced when: 1) Defendant Thiam delivered a sound track for the Master containing both his and Perez's vocals; 2) Defendant Thiam made representations via text messages that he was in contact with and secured Perez's appearance and participation in the music video; 3) Defendant Freitekh, the director of the music video, sent electronic mail messages to Plaintiff Hosny regarding the recording and filming of the music video; and 4) multiple social media postings by Defendant Thiam, Defendant Freitekh and Perez promoted the release of the Master.

19.

Prior to the execution of the Agreement, Defendant Freitekh arranged with Plaintiff Hosny to transfer a total of $150,000.00 into an account believed to be owned and maintained by Defendant Thiam.

20.

On or about February 8, 2013, Defendant Freitekh, on information and belief, deposited the first of two $25,000.00 cash deposits into an account believed to be owned and maintained by Defendant Thiam. On or about April 1, 2013, Defendant Freitekh was reimbursed the $25,000.00 by Plaintiff Hosny.

21.

On or about February 9, 2013, Defendant Freitekh, on information and belief, deposited the second of two $25,000.00 cash deposits into an account believed to be owned and maintained by Defendant Thiam. On or about April 1, 2013, Defendant Freitekh was reimbursed the $25,000.00 by Plaintiff Hosny.

22.

The remaining $100,000.00 payment was dispersed via two (2) separate wire transfers of $50,000.00. On February 11, 2013, Plaintiff Hosny executed the first wire transfer from his bank account into an account believed to be owned and maintained by Defendant Thiam.

23.

On February 12, 2013, Plaintiff Hosny then executed the second wire transfer of $50,000.00 from his account into an account believed to be owned and maintained by Defendant Thiam.

24.

After the execution of the Agreement, but before Defendant Thiam fulfilled his contracted obligations, Defendant Freitekh again made arrangements with Plaintiff Hosny to transfer the remaining $150,000.00 (of the $300,000.00) to Defendant Thiam.

25.

On or about March 29, 2013, Plaintiff Hosny executed another wire transfer in the amount of $45,000.00 into an account believed to be owned and maintained by Defendant Thiam.

26.

On or about April 1, 2013, Defendant Freitekh was provided the amount of $100,000.00 in cash by a representative of Plaintiff Hosny for the purpose of depositing these funds into an account believed to be owned and maintained by Defendant Thiam.

27.

On or about April 4, 2013, a final wire transfer in the amount of $5,000.00 was executed by Defendant Freitekh on behalf of Plaintiff Hosny into an account believed to be owned and maintained by Defendant Thiam.

**Defendant Thiam And Perez's Failure To Participate In The Music Video**

28.

In preparation for the music video, Plaintiff Hosny scheduled for all three artists to be present for the filming and video production in Miami, Florida on or about May 13, 2013.

29.

Plaintiff Hosny incurred costs of approximately $100,000.00 associated with the preparation and staging for production of the music video, including procuring professional camera and recording equipment to be used in connection with the production.

30.

Plaintiff Hosny received numerous text messages from Defendant Thiam and Defendant Freitekh assuring Plaintiff Hosny that Perez would appear and participate in the music video production.

31.

Perez did not attend the video production on May 13, 2013.

32.

In the subsequent weeks and months that followed, Plaintiff Hosny attempted to obtain a commitment from Defendant Thiam that Perez would appear and participate in the video production and even offered to accommodate Perez by allowing him to remotely record video footage to be incorporated into the video production.

33.

To date, Defendant Thiam has failed to secure Perez's appearance or participation in the music video production contemplated in the Agreement. As such, Defendant Thiam failed to perform by the terms of the contract and has yet to perform by having Perez, at the very least, provide any video footage to Plaintiff Hosny.

34.

In recent discussions with representatives of Defendant Thiam, Defendant Thiam has denied receiving the $155,000.00 in cash deposits purportedly executed by Defendant Freitekh into an account believed to be owned and maintained by Defendant Thiam.

## Count I – Breach of Contract against Defendant Thiam

35.

Plaintiff Hosny realleges and incorporates by reference hereto paragraphs 1 through 33, inclusive, as if fully set forth herein.

36.

The Agreement required Defendant Thiam to record vocals and appear in the music video production of the Master.

37.

The Agreement further required Defendant Thiam to secure the appearance and participation of Perez in the recording and music video production of the Master.

38.

Plaintiff Hosny has fully performed his contractual obligations pursuant to the Agreement, including all conditions precedent.

39.

The conduct of Defendant Thiam in the foregoing paragraphs constitutes multiple breaches of the contractual duties and obligations owed to Plaintiff Hosny.

40.

As a result of Defendant Thiam's multiple contractual breaches, and pursuant to applicable Georgia law, Plaintiff Hosny has suffered damages in an amount not less than $400,000.00, plus interest and any additional amounts that may be proven at trial.

## Count II – (Breach of Implied Covenant of Good Faith
## and Fair Dealing against Defendant Thiam)

41.

Plaintiff Hosny realleges and incorporates by reference hereto paragraphs 1 through 39, inclusive, as if fully set forth herein.

42.

Implied in the contract between the parties is a covenant of good faith and fair dealing.

43.

Defendant Thiam has breached the implied covenant of good faith and fair dealing by failing to adequately and competently perform his duties and obligations pursuant to the contract.

44.

As a result of Defendant Thiam's breach of implied covenant of good faith and fair dealing, Plaintiff Hosny has suffered damages in an amount not less than $400,000.00, plus interest and any additional amounts that may be proved at trial.

## **Count III – Fraud in the Inducement against Defendant Thiam**

45.

Plaintiff Hosny realleges and incorporates by reference hereto paragraphs 1 through 43, inclusive, as if fully set forth herein.

46.

Defendant Thiam made material misrepresentations regarding his authority to obligate Perez to participate in the recording and music production of the Master by making false statements to Plaintiff Hosny claiming Thiam did in fact have the authority to obligate Perez.

47.

Similar and in addition to the language of the Agreement, whereby Defendat Thiam represented he could obligate Perez to participate in the recording and music production of the Master, Defendant Thiam continued to misrepresent he had the authority to obligate Perez by sending assurances via text message.

48.

On or about May 6, 2013, Defendant Thiam sent a text message to Plaintiff Hosny claiming Thiam would have Perez send Thiam a recording of Perez singing the lyrics of the Master for the use and benefit of Plaintiff Hosny.

49.

Again on May 12 and 13, 2013, Defendant Thiam sent text messages to Plaintiff Hosny representing to have scheduled and confirmed with Perez a certain date – May 14, 2013 – to be available for the music video production.

50.

Defendant Thiam continued to send similar messages either orally or via text or electronic message to Plaintiff Hosny assuring the procurement of Perez's appearance and participation in the Master; However, Defendant Thiam eventually failed to procure the appearance and participation of Perez.

51.

Defendant Thiam made these misrepresentations with knowledge that they were false or with reckless disregard of the truth, because Defendant Thiam knew at the time these statements were made that he did not have the authority to represent Perez nor did he intend to represent Perez regarding the services requested by Plaintiff Hosny.

52.

Defendant Thiam made these misrepresentations with the intention of deceiving Plaintiff Hosny and to induce Plaintiff Hosny to acquiesce to the terms of the Agreement.

53.

Plaintiff Hosny justifiably relied on and was deceived by Defendant Thiam's assertions to Plaintiff Hosny's detriment.

54.

Plaintiff Hosny justifiably relied on Thiam's misrepresentations that Defendant Thiam had the authority to procure the appearance and participation of Perez in the music project.

55.

As a result of Plaintiff Hosny's reliance on Defendant Thiam's representation, Plaintiff Hosny has suffered damages in an amount not less than $400.00.00, plus interest and any additional amounts that may be proved at trial.

## Count V – Fraud Against Defendant Freitekh

56.

Plaintiff Hosny realleges and incorporates by reference hereto paragraphs 1 through 54, inclusive, as if fully set forth herein.

57.

Defendant Freitekh made material misrepresentations regarding the payment of monies to Defendant Thiam by claiming Defendant Freitekh would deposit $155,000.00 in cash into an account believed to be owned and maintained by Defendant Thiam, failing to deposit said money into an account believed to be owned and maintained by Defendant Thiam, and stating the money had been deposited into Defendant Thiam's account.

58.

Despite Defendant Freitekh representing to Plaintiff Hosny that Defendant Freitekh would deposit the cash into an account believed to be owned and maintained by Defendant Thiam, Defendant Freitekh never intended to deposit the money, but instead collect from Plaintiff Hosny the reimbursement and thus become unjustly enriched.

59.

Defendant Freitekh made these misrepresentations with knowledge that they were false or with reckless disregard of the truth, because Defendant Freitekh knew at the time the misrepresentations were made that he would not deposit the money but claim he did and then collect from Plaintiff Hosny the full amount presumably deposited into an account belonging to Defendant Thiam.

60.

Defendant Freitekh made these misrepresentations with the intention of deceiving Plaintiff Hosny and to induce Plaintiff Hosny to transfer $155,000.00 in cash to Defendant Freitekh.

61.

Plaintiff Hosny justifiably relied on the assertions and statements made by Defendant Freitekh to his detriment.

62.

As a direct and proximate result of Defendant Freitekh's actions, Plaintiff Hosny suffered damages in an amount not less than $155,000.00, plus interest and any additional amounts that may be proven at trial.

## COUNT VI – Punitive Damages

63.

Plaintiff Hosny realleges and incorporates by reference hereto paragraphs 1 through 61, inclusive, as if fully set forth herein.

64.

Plaintiff Hosny is entitled to recover punitive damages from Defendants Thiam and Freitekh because their actions were willful and wanton, and showed an

entire want of care, which would raise the presumption of conscious indifference to consequences.

65.

Accordingly, Plaintiff Hosny is entitled to recover punitive damages, without limitation or cap, from Defendants Thiam and Freitekh, in accordance with the enlightened conscience of an impartial jury.

## COUNT VII – Attorneys' Fees

66.

Plaintiff Hosny realleges and incorporates by reference hereto paragraphs 1 through 64, inclusive, as if fully set forth herein.

67.

Defendants Thiam and Freitekh have acted in bad faith, been stubbornly litigious and have caused Plaintiff Hosny unnecessary and undue trouble and expense.

68.

As a result of the wrongful conduct of Defendants Thiam and Freitekh, Plaintiff Hosny is entitled to recover his reasonable attorneys' fees and expenses of litigation in this matter in an amount to be proven at trial pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hosny respectfully requests the Court issue service of process upon Defendants Thiam and Freitekh and enter judgment in favor of Plaintiff Hosny and against Defendants Thiam and Freitekh as follows:

1. For damages resulting from the various and multiple breaches of Defendant Thiam's contractual duties and obligations to Plaintiff Hosny in an amount to be proven at trial, including the award of pre-judgment interest of the highest rate allowed under Georgia law;

2. For damages resulting from the intentional tortious conduct of Defendant Thiam in an amount to be proven at trial, including the award of pre-judgment interest of the highest rate allowed under Georgia law;

3. For damages resulting from the intentional tortious conduct of Defendant Freitekh in an amount to be proven at trial, including the award of pre-judgment interest of the highest rate allowed under Georgia law;

4. For punitive damages in an amount to be determined by the enlightened conscience of an impartial jury;

5. For attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

6. For all costs associated with bringing this action;

7.  For trial by jury; and

8.  For such other and further relief as this Court deems just and proper.

JURY TRIAL IS HEREBY DEMANDED.

## **LOCAL RULE 7.1(D) CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

This 10th day of November, 2014.

**PATEL BURKHALTER LAW GROUP**

/s/ Brian W. Burkhalter
Brian W. Burkhalter
Georgia Bar No. 095809
bburkhalter@patelburkhalter.com

*Counsel for Plaintiff Tamer Hosny*

4045 Orchard Road
Building 400
Atlanta, Georgia 30080
Phone:       (678) 974-1720
Facsimile:   (404) 474-9696

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **First Amended Complaint for Damages** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Andrew B. Koplan
Andrew B. Koplan, P.C.
5855 Sandy Springs Circle
Suite 150
Atlanta, GA  30328

Martin Jerisat
Jerisat Law Firm
2372 Morse Ave. Ste 322
Irvine, CA  92614

Hayden Pace
Stokes Wagner
1447 Peachtree St. N.E.
Suite 610
Atlanta, GA  30309

This 10th day of November, 2014.

/s/ Brian W. Burkhalter
Brian W. Burkhalter