## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TAMER HOSNY,

                          Plaintiff,

vs.

ALIAUNE THIAM p/k/a "AKON,"
and TARIK FREITEKH,

                          Defendants.

Civil Action File
No. 1:13-cv-04103-WSD

### ANSWER & AFFIRMATIVE DEFENSES OF ALIAUNE THIAM TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Aliaune Thiam ("Defendant") hereby files his Answer & Affirmative Defenses, and responds to the First Amended Complaint for Damages (the "Complaint") [Doc. 41] of Tamer Hosny ("Plaintiff") by showing the Court as follows:

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims against Defendant fail, in whole or in part, due to a failure

or insufficiency of consideration.

### Third Affirmative Defense

Plaintiff's claims against Defendants are barred by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims against Defendants fail, in whole or in part, from a lack of mutuality.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the statute of frauds.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy one or more conditions precedent.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant has not breached any contractual duty.

### Eighth Affirmative Defense

Defendant asserts the defense of performance.

### Ninth Affirmative Defense

Plaintiff's claims against Defendants fail because they are based on an unenforceable "agreement to agree."

**Tenth Affirmative Defense**

Plaintiff's claims against Defendant fail because the underlying Agreement is unenforceable.

**Eleventh Affirmative Defense**

Plaintiff's claims against Defendant fail because the person signing the purported contract was not an agent of Defendant, and Defendant did not ratify the purported Agreement.

**Twelfth Affirmative Defense**

Defendant asserts the defenses of waiver and release.

**Thirteenth Affirmative Defense**

Plaintiff's claims against Defendants fail because Plaintiff has incurred no damages.

**Fourteenth Affirmative Defense**

Plaintiff's claims against Defendants fail because there was never a meeting of the minds as to all essential terms of the purported contract.

**Fifteenth Affirmative Defense**

Plaintiff's claims against Defendant fail because bad faith was not pled with particularity.

## Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has breached his contractual duties.

## Specific Responses

Responding to the specific allegations set forth in Plaintiff's Complaint, Defendant states the following:

### 1.

The statements set forth in Paragraph 1 of the Plaintiff's Complaint are neither allegations nor averments of fact to which Defendant can respond with an admission or denial, but appear to be simply an introduction to the Complaint.

## Complete Diversity of Citizenship of the Parties

### 2.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

### 3.

Defendant admits that he was a citizen of Georgia, maintained a residence in Georgia and that he could be served at his residence of 320 Wilderlake Court, Sandy Springs, GA 30328.  Defendant further admits that he held an active bank

account at SunTrust Bank (account number ending -8766) but lacks information sufficient to form a belief as to the truth or falsity of whether the account was "Atlanta-based." Defendant admits that he worked on the musical composition entitled "Welcome to the Life" with Plaintiff and Defendant Freitekh at a studio in the Atlanta area, but denies that the three work on the composition at Defendant's home. The remaining allegations set forth in Paragraph 3 of the Plaintiff's Complaint are denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Plaintiff's Complaint.

**Jurisdiction and Venue**

5.

Defendant admits that he is subject to this Court's subject matter jurisdiction, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 of the Plaintiff's Complaint.

6.

Defendant admits that this Court has personal jurisdiction over him and that venue is proper in this Court, but he is without knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the Plaintiff's Complaint.

## **Factual Background**

7.

Defendant admits that Plaintiff is an entertainer and that Plaintiff wanted to collaborate on a project with Defendant and with Armando Perez p/k/a "Pitbull," but Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 of the Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations in Paragraph 9 of the Plaintiff's Complaint as pled.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as pled.

11.

Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint and denies any implication that a written contract ever existed between the Plaintiff and the Defendant.

12.

Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint and denies any implication that a written contract ever existed between the Plaintiff and the Defendant.

13.

Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint and denies any implication that a written contract ever existed between the Plaintiff and the Defendant.

14.

Defendant admits that he agreed to provide vocal services for Plaintiff, but Defendant denies the remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint, and denies any implication that a written contract ever existed between the Plaintiff and the Defendant.

15.

Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's

Complaint, and Defendant denies that he, in any manner, held himself out to be an authorized agent of Mr. Perez.

16.

Defendant states that the document purported to be the parties' "Agreement" speaks for itself, but Defendant denies any implication that a written contract ever existed between the Plaintiff and the Defendant.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Plaintiff's Complaint, as Defendant does not and cannot know what Plaintiff believed or expected.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Plaintiff's Complaint, as Defendant does not and cannot know what Plaintiff believed or expected.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Plaintiff's Complaint, but Defendant denies that his bank statement reflects a $25,000 cash deposit made on or about February 8, 2013.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Plaintiff's Complaint, but Defendant denies that his bank statement reflects a $25,000 cash deposit made on or about February 9, 2013.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Plaintiff's Complaint, but Defendant admits that fifty thousand dollars ($50,000) was deposited into his account through a single bank wire received on February 11, 2013 from "Hossam Hosny Farghaly," ostensibly paid on behalf of Plaintiff.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Plaintiff's

Complaint, but Defendant admits that fifty thousand dollars ($50,000) was deposited into his account through a single bank wire received on February 13, 2013 from "Hossam Hosny Farghaly," ostensibly paid on behalf of Plaintiff.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Plaintiff's Complaint, but Defendant admits that forty-five thousand dollars ($45,000) was deposited into his account through a single bank wire received on March 29, 2013 from "Hossam Hosny Farghaly," ostensibly paid on behalf of Plaintiff.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.

Defendant is without knowledge or information sufficient to form a belief as

to the truth or falsehood of the allegations contained in Paragraph 27 of the Plaintiff's Complaint, but Defendant denies that his bank account reflects a $5,000 wire transfer deposit made on or about April 4, 2013.

## Defendant Thiam and Perez's Failure to Participate in the Music Video

28.

Defendant admits that he was contacted regarding the video production in Miami, Florida, but Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity regarding whether Plaintiff contacted Perez regarding such scheduling.

29.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Plaintiff's Complaint, but Defendant denies that he sent text messages to Plaintiff "assuring" Plaintiff that Mr. Perez would appear and participate in the music video production.

31.

Defendant admits the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32.

Defendant admits that Plaintiff subsequently demanded that Mr. Perez participate in the video production, but Defendant does not recall whether Plaintiff ever proposed that Mr. Perez remotely record video footage to be incorporated into the vide production.

33.

Defendant admits that he has not secured Mr. Perez's appearance or participation in the music video for *Arabian Night* but denies any implication that he was contractually obligated to do so and denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant admits that he has received a total of approximately one hundred and forty-five thousand dollars ($145,000) from "Hossam Hosny Farghaly," ostensibly paid on behalf of Plaintiff, and he has received one hundred thousand dollars ($100,000) from "Imam M. Freitekh," ostensibly paid on behalf of Defendant Freitekh, but Defendant is without knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34 of the Plaintiff's Complaint.

### Count I – Breach of Contract against Defendant Thiam

35.

Defendant hereby incorporates by reference all of the above responses to the allegations and facts contained in Paragraphs 1 through 34 of the Plaintiff's Complaint as if set-forth herein verbatim.

36.

Defendant states that the referenced "Agreement" speaks for itself, but Defendant denies any implication that a written contractual commitment ever existed between the Plaintiff and the Defendant.

37.

Defendant states that the referenced "Agreement" speaks for itself, but Defendant denies any implication that a written contractual commitment ever existed between the Plaintiff and the Defendant.

38.

Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint, and Defendant denies any implication that a written contractual commitment ever existed between the Plaintiff and the Defendant.

39.

Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint and denies that Plaintiff is eligible for or entitled to the relief requested therein.

## Count II – (Breach of Implied Covenant of Good Faith and Fair Dealing against Defendant Thiam)

41.

Defendant hereby incorporates by reference all of the above responses to the allegations and facts contained in Paragraphs 1 through 40 of the Plaintiff's Complaint as if set-forth herein verbatim.

42.

Defendant denies any implication that a written contractual commitment ever existed between the Plaintiff and the Defendant.

43.

Defendant denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint and denies any implication that a written contract ever existed between the Plaintiff and the Defendant.

14

44.

Defendant denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint and denies that Plaintiff is eligible for or entitled to the relief requested therein.

## Count III – Fraud in the Inducement against Defendant Thiam

45.

Defendant hereby incorporates by reference all of the above responses to the allegations and facts contained in Paragraphs 1 through 44 of the Plaintiff's Complaint as if set-forth herein verbatim.

46.

Defendant denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50.

Defendant denies that he ever assured procurement of Mr. Perez's appearance and participation in the Master. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the remaining allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53.

Defendant denies the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of the Plaintiff's Complaint and denies that Plaintiff is eligible for or entitled to the relief requested therein.

## Count V – Fraud Against Defendant Freitekh

56.

Defendant hereby incorporates by reference all of the above responses to the allegations and facts contained in Paragraphs 1 through 55 of the Plaintiff's Complaint as if set-forth herein verbatim.

57.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Plaintiff's Complaint.

**Count VI – Punitive Damages**

63.

Defendant hereby incorporates by reference all of the above responses to the

allegations and facts contained in Paragraphs 1 through 62 of the Plaintiff's Complaint as if set-forth herein verbatim.

64.

Defendant denies the allegations contained in Paragraph 64 of the Plaintiff's Complaint.

65.

Defendant denies the allegations contained in Paragraph 65 of the Plaintiff's Complaint and denies that Plaintiff is eligible for or entitled to the relief requested therein.

## Count VII – Attorneys' Fees

66.

Defendant hereby incorporates by reference all of the above responses to the allegations and facts contained in Paragraphs 1 through 65 of the Plaintiff's Complaint as if set-forth herein verbatim.

67.

Defendant denies the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

68.

Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

**General Denial**

Defendant denies each and every allegation and claim set forth in Plaintiff's First Amended Complaint that otherwise is not specifically admitted in this Answer, including but not limited to each and every allegation and claim for relief set forth in Plaintiff's prayer for relief or Ad Damnum clause.

**Demand for Jury Trial**

Defendant hereby demands a trial by jury on all claims so triable.

WHEREFORE, Defendant Aliaune Thiam respectfully requests that this Court:

(a)    DISMISS Plaintiff's First Amended Complaint for Damages in its entirety;

(b)    alternatively, grant JUDGMENT for Defendant and against Plaintiff on all counts of the Plaintiff's First Amended Complaint for Damages;

(c)    award Defendant his costs and expenses, including attorneys' fees; and

(d)    grant Defendant such additional relief as this Court deems just.

//

//

This 24th day of November, 2014.

Respectfully submitted:

Hayden R. Pace
Georgia Bar No. 558595
Jordan D. Arkin
Georgia Bar No. 180796

*Counsel for Defendant Aliaune Thiam*

**STOKES WAGNER HUNT
MARETZ & TERRELL, ALC**
3593 Hemphill Street
Atlanta, Georgia 30337
Telephone: (404) 766-0076
Facsimile: (404) 766-8823
hpace@stokeswagner.com
jarkin@stokeswagner.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing "Answer & Affirmative Defenses of Aliaune Thiam to Plaintiff's First Amended Complaint" with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

Brian W. Burkhalter, Esquire
Melissa Ewing, Esquire.
PATEL AND BURKHALTER LAW GROUP
4045 Orchard Road, Building 400
Atlanta, Georgia 30080
bburkhalter@patelburkhalter.com

Andrew B. Koplan, Esquire
ANDREW B. KOPLAN, P.C.
5855 Sandy Springs Circle
Suite 150
Atlanta, GA 30328
404.255.1600 (tel)
andrew@koplanpc.com

Martin Jerisat, Esquire
JERISAT LAW FIRM
2372 Morse Ave., Suite 322
Irvine, CA 92614
mjerisat@jk-lawfirm.com

This 24th day of November, 2014.

Hayden R. Pace
Georgia Bar No. 558595