# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAMER HOSNY, | |
| Plaintiff, | Civil Action File |
| v. | No. 1:13-CV-04103-ELR |
| ALIAUNE THIAM p/k/a "AKON," and TARIK FREITEKH, | |
| Defendants. | |

**DEFENDANT FREITEKH'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS OR TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA**

## RELEVANT PROCEDURAL BACKGROUND

On April 16, 2015, the Court entered an Order finding that the Plaintiff failed to meet his burden of establishing a prima facie case of personal jurisdiction over Defendant Freitekh (R. 47.) In the Order, the Court authorized the parties to conduct limited discovery on the issue of personal jurisdiction and ordered Defendant Freitekh to file a supplemental brief in support of his Motion to Dismiss for Lack of Personal Jurisdiction.

The parties took the depositions of Plaintiff's financial manager, Ahmed Badawy, and Defendant Freitekh. Defendant relies on those depositions, and is also filing contemporaneously with this Supplemental Brief a copy of the deposition of Badawy (Exh. A), a copy of the deposition of Freitekh (Exh. B)., and the Declarations of the following individuals: Anthony Logan (Exh. C), Christian Simpson (Exh. D), Izzat Freitekh (Exh. E), Ammar Kharabsha (Exh. F), and Thin La (Exh. G). In addition, Plaintiff has filed new Declarations of the following individuals: Ahmed Badawy (Exh. H) and Tamer Yehia (Exh. I). In accordance with the Order, Defendant Freitekh submits this Supplemental Memorandum in support of his Motion to Dismiss or to Transfer.

## SUPPLEMENTAL FACTUAL BACKGROUND

Defendant adopts the Court's findings set forth in its April 16th Order

(R. 47.)  As has been demonstrated in the pleadings and Declarations filed with this Court, Plaintiff's lawsuit involves very tenuous connections to the State of Georgia.  The Plaintiff resides in Egypt. (1st Am. Compl. ¶ 2.)  Defendant Freitekh resided in North Carolina, and now resides in California. (1st Am. Compl. ¶ 4.)  Plaintiff did not allege Defendant Freitekh is a party to any contract with the Plaintiff.  (R. 47.)  Instead, Plaintiff merely alleges Defendant Freitekh acted as an intermediary to transfer funds to Defendant Thiam.  *Id.*  Even assuming Defendant Freitekh helped negotiate a contract involving Plaintiff and Defendant Thiam, Defendant Freitekh did not transact any business in the State of Georgia sufficient to satisfy the requirements of personal jurisdiction.

Plaintiff relies on an a distinct project not involved directly in this lawsuit -- the "Welcome to the Life" project-- to conclude sufficient business contact in connection with the subject of the lawsuit -- the "Arabian Knight" project.  The one does not satisfy the personal jurisdiction requirements of the other, however.

In March 2013, according to the Plaintiff's financial manager, Mr. Badawy, the parties discussed a music video collaboration involving Defendant Akon, the famous artist known as "PitBull", and the Plaintiff.  (Badway Dep. 157:12-16).  The collaboration was named the Arabian Knight music video -- the subject of this lawsuit.  (Badawy Dep. 157:24-158:1)   The discussion of the Arabian Knight

3

music video occurred in many states and locations through electronic communications and phone calls (R. 9-2; R. 9-3; R. 9-4; R. 9-5; R. 9-6; R. 9-7; R. 9-8).  The Arabian Knight music video was to be videotaped outside Georgia. (Badway Dep. 147:6-8).



Contrary to Plaintiff's allegation that the Arabian Knight project began in January 2013, Mr. Badawy testified essentially that the project did not begin until later in March 2013.  (Badawy Dep. 155-158.)  Accordingly, it cannot be concluded that any prior projects preceding March 2013 could constitute the contact necessary for personal jurisdiction in this case.

Mr. Badawy described that the only earlier communications while present within Georgia involved a project with Defendant Akon, the Plaintiff and Chris Brown. *Id.* at 155, lines 3-10. The parties suggested some tracks to be used in the project. *Id.* However, the project had no name and never materialized. *Id.* Thus, it cannot constitute the type of "business" and "contact" sufficient for purposes of personal jurisdiction.

No additional evidence exists that establishes Defendant Freitekh conducted constitutionally meaningful business in Georgia that satisfies the requirements for personal jurisdiction. Plaintiff has filed no additional evidence creating new facts in support of personal jurisdiction on grounds Defendant transacted business within Georgia, other than what has been filed previously with the Court. The recent Declarations filed by the Plaintiff offer no new material connections that would satisfy his burden of demonstrating the constitutional and State requirements of personal jurisdiction in relation to Defendant Freitekh in this case.

In contrast, the evidence of record demonstrates that Defendant Freitekh's tenuous and limited contact with Georgia is insufficient to meet the requirements of personal jurisdiction.

## ARGUMENT & CITATION OF AUTHORITY

### I. Standard Of Review.

Defendant adopts the standard of review set forth in the Court's Order at pages 5-6. In addition, Defendant highlights that "vague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010).

## II. Plaintiff Does Not Meet His Burden Of Establishing Personal Jurisdiction.

### A. The Evidence Demonstrates That Defendant Freitekh Did Not Purposefully Transact Any Business in Georgia.

To find personal jurisdiction over Defendant Freitekh, the Court must conclude that the unambiguous evidence establishes that Defendant transacted constitutionally sufficient business in Georgia. However, even analyzing the evidence favorably for the Plaintiff, Defendant Freitekh's activities in Georgia in January 2013 cannot be construed as satisfying this threshold requirement and are tenuous at best.

Defendant Freitekh **volunteered** to assist in video capture of Welcome to the Life -- the predecessor project not directly involved in this lawsuit. *See* (Yehia Decl. ¶ 3.) Significantly, Defendant **was not compensated** for his contributions to

the project. (Thin La Decl. ¶ 8; Logan Decl. ¶ 9; Freitekh Decl. ¶¶ 6-7; Simpson Decl. ¶ 9; Kharabsha Decl. ¶¶ 5-6.)

Even construing "transacting any business" broadly, acting as a volunteer should not be construed as transacting business. Volunteering is not the same as carrying on a business for profit or compensation.

As the chart below illustrates, the Plaintiff never compensated Defendant Freitekh and other crewmembers.



The Plaintiff contends that Defendant Freitekh transacted business in Georgia since Plaintiff allegedly paid ten thousand dollars ($10,000) to Defendant Freitekh for his role in the initial, non-related Welcome To The Life project. (Badawy Amd. Decl. ¶ 6., Exh. J). But, Exhibit J references an online banking transfer to a checking account with last four digits of 4516, which belongs to a business account of Freitekh's parents in North Carolina (Exh. JJ). Contrary to Badawy's allegation, the money that Badawy transferred was a refund for advance payment made by Freitekh's parents to secure a short-term rental property for the Plaintiff in North Carolina (Izzat Freitekh Decl. ¶¶ 6-7; Kharabsha Decl. ¶¶ 5-6.)

Even assuming that Plaintiff compensated Defendant Freitekh for his role in the predecessor Welcome To The Life project, the money was transferred prior to the arrival of Badawy to Georgia (Badawy Amd. Decl. ¶ 6.)

For these reasons, the Plaintiff has failed to carry his burden of showing that Defendant Freitekh transacted constitutionally sufficient business in Georgia and is, therefore, subject to personal jurisdiction.

### B. Exercising Personal Jurisdiction Over Defendant Freitekh Is Inconsistent With Fair Play &Substantial Justice.

Exercising personal jurisdiction over Defendant Freitekh is inconsistent with the traditional notions of fair play and substantial justice. The heart of this protection is fair warning — the Due Process Clause requires "'that the defendant's

conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there.'" *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183. A defendant is said to have fair warning if he "has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* at 462, 476, 105 S.Ct. 528 (1985). If the Court decides that Defendant purposefully established minimum contacts with the forum state, it must then consider other factors to determine if the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Id.* at 476 (quoting *Int'l Shoe Co.*, 326 U.S. at 320).

Taking Plaintiff's allegations as true, and assuming that Defendant Freitekh purposefully directed activities at residents of Georgia, such contact still is insufficient under constitutional protections. Volunteering for an unrelated project in Georgia, transferring payments as an intermediary into Georgia, or even presence for a short period in the State did not, in this case, provide enough reason for Defendant to anticipate being haled into court in Georgia. No claims involve this Defendant's acts within Georgia. This Defendant committed no torts within the State. This Defendant did not transact any business in the customary sense within Georgia. Concluding such contact meets the constitutional threshold is inconsistent with traditional notions of fair play and substantial justice.

## **CONCLUSION**

For these reasons, Defendant respectfully requests that the Court enter an order granting his Motion to Dismiss or transferring the lawsuit.

Respectfully submitted this 18th day of June 2015:

/s/ Martin Jerisat
Martin Jersiat, Esq.
*Pro Hace Vice Order Entered 7/25/14*

**JERISAT LAW FIRM**
2372 Morse Ave., Suite 322
Irvine, CA  92614
(714) 571-5700 (tel)
mjerisat@jk-lawfirm.com
*Counsel for Defendant Tarik Freitekh*

/s/ Andrew B. Koplan
Andrew B. Koplan, Esq.
Georgia Bar No. 428152

**ANDREW B. KOPLAN, P.C.**
1870 The Exchange SE, Suite 100
Atlanta, GA 30339
404.226.6275 (tel)
andrew@koplanpc.com
*Co-counsel for Defendant Tarik Freitekh*

Counsel certifies that this brief has been prepared with one of the font and point selections approved by the court in L.R. 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 19th day of June, 2014.

/s/ Martin Jerisat
Martin Jersiat